St. Louis Trust Co. v. Vincent.

---

ST. LOUIS TRUST COMPANY, Assignee of St. Louis WRECKING COMPANY, Respondent, v. FRED VINCENT et al., Defendants; FRED VINCENT, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Assignee:** POWER OF CIRCUIT COURT TO REOPEN AN ASSIGNMENT. The circuit court has the power to reopen an assignment and set aside the discharge of an assignee at a subsequent term.

2. ———: NOTICE OF DISCHARGE. The only notice required by an assignee of his intention to apply for a discharge, is by general publication to that effect.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

JOHN A. GILLIAM for appellee.

There was no necessity for notice to the St. Louis Wrecking Company of the application to reopen the

assignment. It is admitted in this record that fifty-six per cent of its debts were unpaid and all its assets exhausted except this stock liability. No remedy was sought against it. And all its rights in the stockholders' liability had passed to the St. Louis Trust Company, the assignee. St. George's Church v. Branch, 120 Mo. 226; Van Pelt v. Gardner, 75 N. W. Rep. (Neb.) 874, 875; Andrews v. Ford, 106 Ala. 175–177. The appellant can not be heard to raise the point of notice to the St. Louis Wrecking Company or any one else. Because he is not the company. Because he is not a creditor. Because he got his day in court when served with summons in this cause. Because the St. Louis Trust Company was trustee of an express trust, and needed no permission to sue of any one but the court, if it indeed needed that. It was not necessary to sue the directors of the St. Louis Wrecking Company to require them to make a call, then get a call made, then an order that it be paid in so many days, then sue the stockholders under that call, but the direct suit against the stockholders was the proper course. Every stockholder was sued as the record shows. The directors were agents and had failed in their duty in making the call, and the right passed to the assignee and the court. Lionberger v. Banks, 10 Mo. App. 499–507, 508–511, 512; Hatch v. Dana, 101 U. S. 205; Ogilvie v. Ins. Co., 22 How. 380; Henry v. Railroad, 17 Ohio, 187. Boeppler v. Menown, 17 Mo. App. 447, expressly decides that a court of equity, in case of an assignment where all the stockholders' liability is not needed to pay the debts, is the proper power to make the assessment, and quotes Eppright v. Nickerson, 78 Mo. 490, and Marsh v. Burroughs, 1 Woods, 463. "After all, a company call is only a step in the process of collection, and a court of equity may pursue its own mode of collection, so that no injustice is done to the debtor."

Hatch v. Dana, 101 U. S. 215; See v. Heppenheimer, 36 Atl. Rep. 966. Equity, having jurisdiction to compel a call or to make it itself and having all the stockholders before it, will make the call, and to save a multiplicity of suits, then and there order payment and award execution, that being the proper course, least expensive to all parties and doing substantial justice. Reyburn v. Mitchell, 106 Mo. 365-378. It is not the practice in this state to give a day of payment in decrees. Defendant's cases do not sustain their claim that there was no power to reopen assignment. Weinerth v. Prendly, 39 Mo. App. 336, was a case where the court held it would not relieve from a mistake of law, and further, that the estate had been delayed fourteen years in settlement, and two years after the administrator had discovered his rights, and that there was no trust impressed upon it. Douglass v. Cissna, 17 Mo. App. 45; Gates v. LeBeaume, 19 Mo. 27; Goodwin v. Kerr, 80 Mo. 276-282. It would have to be disposed of by some proper judicial proceeding. Branch case, *supra*.   *   *   *   The court, upon being shown to its satisfaction that the discharge of the assignee was irregular or by inadvertence, had abundant power to set it aside, especially at the request of the party in whose favor the judgment was. Smith v. Best, 42 Mo. 185; Downing v. Still, 43 Mo. 309. Freeman says, section 91: "In fact the propriety and necessity of striking out a judgment on application of him in whose favor it is, are apparent. Freeman on Judg. [4 Ed.], secs. 91, 92, 97-100, 101b-107; Bank v. Doane, 140 Ill. 193. Until the assets are fully administered, the discharge of assignee was a nullity. Blanchard v. Williamson, 70 Ill. 647-650; Diversey v. Johnson, 93 Ill. 547-558. It was in the discretion of the court to vacate the order discharging the assignee. In re assignment of Horsfalls to Hesse, 77 N. Y. 514.

There was no estoppel against the assignee. The defense is based upon an illegal estoppel which rests wholly upon the plea, not that the debt is not due, but that the St. Louis Trust Company did not sue for this liability before first applying for its discharge. To make an estoppel there must have been a false representation or a concealment of material facts. The representation must be plain and certain and ordinarily in reference to past or present facts only; not matters of law or opinion. 7 Am. and Eng. Ency. of Law, pp. 11 to 14, and cases cited. The party relying on the representation must have been ignorant of the facts. 7 Am. and Eng. Ency. of Law, p. 15, and cases cited. The representation must have been made or the concealment practiced with the intention it should be acted upon. 7 Am. and Eng. Ency. of Law, p. 16, and cases cited. The other party must have been induced to act upon the representation or concealment. Am. and Eng. Ency. of Law, p. 17, and cases cited. An analysis of these authorities and of the law of estoppel will show that there is none of the foregoing or any other incident of estoppel in this case. The defendants knew they owed these debts. They were never released. No action was taken upon them. They did nothing in regard to them, but after the reopening of the assignment Wm. Vincent began diligently to get releases. He owed $\frac{197}{200}$ of them. The only estoppel in this case is against Vincent. When he took the position in Judge Klein's court that the assignee had the title and was the only person entitled to sue (a position appealed by Franklin v. Menown, 11 Mo. App. 592), he estopped himself to deny its right to sue. A party can not take inconsistent positions in legal proceedings. 7 Am. and Eng. Ency. of Law, p. 22, notes. The claim of each person allowed by the assignee was a judgment and merged the original claim. Kendrick v. Mfg.

St. Louis Trust Co. v. Vincent.

Co., 60 Mo. App. 22.  *  *  *  The Gilliam motion for execution was a test case, and Vincent having got a verdict there on the ground that only the St. Louis Trust Company had a right to sue him, can not now claim it had no right to sue him. 7 Am. and Eng. Ency. of Law, p. 22, notes.

T. J. ROWE for appellant.

The assignee of a corporation can maintain a bill in equity against its board of directors to compel them to make an assessment payable to the assignee of a part of the balance unpaid on the stock if necessary to pay the debts of the corporation.   Lionberger v. Bank, 10 Mo. App. 503; Boeppler v. Menown, 17 Mo. App. 449. No judgment can be rendered against the stockholder for a part of the unpaid balance on his stock in a proceeding of this kind.   His liability to the assignee does not arise until the board of directors have made an assessment or the court has ordered the assessment and he has failed to pay same in the time required by the order making the assessment.   No judgment can be rendered against a stockholder in a proceeding of this kind until he has had notice of the amount which he should pay and after such notice has refused to pay. In 1896 the assignee made its final report and was discharged.   The unpaid balance on the stock had been inventoried as part of the assets of the corporation.   In 1898, when the assignment was reopened no assets were discovered.   The judgment rendered in 1896, discharging the assignee, was a final judgment and the assignment could not be reopened without a direct proceeding to set aside that judgment.   The plaintiff to support the action relies on the case of St. George's Church Society v. Branch, 120 Mo. 226, but it does not support their contention.   That case decides that

an assignee for the benefit of creditor may have the estate opened and administer on assets discovered after his discharge. No such facts are presented by this case. In this case no assets were discovered after discharge, and the assignee in the most solemn manner declared under oath that all the assets had been administered upon. The plaintiff should not be permitted to stultify itself. The judgment of the circuit court approving the final settlement of the assignee is a final judgment, and can only be set aside in a direct proceeding for fraud or mistake. Weinerth v. Prendley, 39 Mo. App. 336; McLean v. Bergner, 80 Mo. 414; Yeoman v. Younger, 83 Mo. 424. A judgment can not be set aside after the term on motion, without notice to the parties interested. Child v. Railroad, 117 Mo. 414.

BOND, J.—The St. Louis Wrecking Company, a corporation, made a general assignment for the benefit of its creditors to plaintiff on February 11, 1896. Among the assets so conveyed were the unpaid liabilities of defendant and other stockholders of the insolvent corporation. Plaintiff inventoried the assets conveyed to it and qualified and entered upon the discharge of its duties as assignee, collected the other assets, but made no attempt to collect the unpaid liability of the stockholders, allowed demands, paid out thereon dividends of fifty-four per cent, applied for and received its discharge from the court wherein the assignment was conducted. Thereafter John Gilliam, one of the creditors of the corporation, moved for judgment against defendant as the holder of unpaid stock. A demurrer to his motion was sustained. At a subsequent period of the court plaintiff moved the court to set aside the order discharging

STATEMENT.

plaintiff as assignee and to reopen the assignment for further· administration and for the collection of the unpaid liability of defendant and other stockholders. The court sustained this motion, whereupon the plaintiff brought the present action to recover from such stockholders enough to pay the existing allowed demands against its assignor, amounting to $421 and costs of collection, alleging in its petition that no call for payment of this stock had been made by the board of directors of its assignor, and praying the court in the exercise of its chancery powers to order a call of fifteen per cent on such unpaid stock liability, to be applied when collected to the payment of the allowed demand set out in the petition.· Defendant Vincent, who was president of the insolvent corporation, and a large owner of its shares, for answer to the ·petition set up the fact of plaintiff's discharge as assignee at a term of court prior to that when the order setting aside such discharge was made, as a bar to this action. The reply averred the facts hereinbefore stated. The evidence established the averments of the pleadings. The court decreed an assessment of $630 or $1.05 on each share of the stock in the name of defendant and other stockholders. Defendant appealed to this court.

The first question to be solved is, did the discharge of the assignee at one term of the court disable it from setting aside such discharge at a later term of the court? The discharge of an assignee for the general creditors of the assignor is regulated by statute, where the proper procedure is pointed out and authority given to the court to discharge the assignee, and to require him to surrender into its custody all assets remaining in his hands, to be kept "in such courts and its clerk's office, subject to its future control and disposition." R. S. 1889, sec. 461. It is clear from the language quoted that the discharge of the assignee is merely his personal

release from any further duties imposed by the assignment, coupled with an approval of his administration as far as it has gone. In other words, there is a cessation of his duties as an active trustee. The trust itself is not extinguished, but continues in full force and vigor, and to that end the statute places its subject-matter (if any assets remain) in the custody of the court for future *control and disposition*. These characteristics of a discharge of an assignee under the statute differentiate it from an ordinary final judgment *inter partes*. The latter can not be set aside nor modified at a term subsequent to its rendition except in the statutory mode and for statutory causes, or by petition impeaching it for fraud in its procurement. In the matter of the discharge of an assignee as for a performance of his trust there is no adverse vestiture of rights. The order of discharge inures only to his advantage by releasing him from obligations incurred by his acceptance of the assignment. It stands to reason, therefore, that he can reassume the duties from which he was released by the previous order of the court, whenever he can satisfy that tribunal of the necessity for a further administration of the trust,—for the trust being alive and its assets in the hands of the court, is clearly within the power of that tribunal to appoint a new trustee to carry out his provisions, or what is the same thing, to reimpose, at his request, upon the old trustee the duties of further administration. The point has been ruled thus by the supreme court in a recent case where an assignee was permitted two years after his final discharge to assert his title to assets, discovered thereafter, for which purpose it was held, the trust was properly reopened by order of the circuit court. St. George's Church v. Branch, 120 Mo. 226. That ruling undoubtedly settles the power of the circuit court to

St. Louis Trust Co. v. Vincent.

**POWER of circuit court to reopen assignment.** reopen an assignment and set aside the discharge of the assignee at a subsequent term. The only difference between the case stated and the one under review is in the facts relied on to authorize the reopening of the assignment. In the case cited it was done to permit an administration of a newly discovered asset. In the case before us it was done for the purpose of administering an asset not before administered. The creditors, who are the only parties concerned, are as much interested in a full administration in the one case as the other, for the matter of concern to them is collection of the asset, not when it was discovered. We therefore hold that the court did not err in reopening the assignment in this case to enable the assignee to collect the unpaid stock liabilities set forth in its petition. Neither was there any necessity of notice to defendant of the motion to that effect. The defendant was not a party of record to the assignment proceeding. Such proceedings are conducted upon the motion of the assignee and under the surveillance of the court, and while all parties in interest may prosecute appeals from certain orders and decrees made by the court in the course of administration, yet they are not required to be brought into court by notice or summons, in order to validate the orders of the court made during the course of administration. The only notice required by an assignee of his intention to apply for a discharge, is by general publication to that effect. R. S. 1889, secs. 460, 461, 462 and 463. Appellant insists that the present suit should have been brought to compel the board of directors to make a call upon the stockholders, to pay enough on their liability as such to satisfy the balance of the allowed demands. This proposition is untenable. The corporation had ceased business and turned over its assets for administration by the court, hence it was clearly

competent for the court in its exercise of its equity powers to enforce the collection of the trust fund committed to its hands.    Washington Savings Bank v. Butcher's and Drover's Bank, 107 Mo. loc. cit. 143; Hatch v. Daner, 101 U. S. 205.    The decree in this case is affirmed.    All concur.